UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 24-00210-DOC (DFM) | Date: | March 5, 2024 |
|---|---|---|---|
| Title | Eduardo Gabriel Guerrero-Martinez v. Warden | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On December 26, 2023, Petitioner Eduardo Gabriel Guerrero-Martinez, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the Eastern District of California. See Dkt. 1 ("Petition"). On January 3, 2024, Magistrate Judge Kendall J. Newman issued an order transferring the case to this district. See Dkt. 3.[1]

At the time of filing, Petitioner was a federal prisoner in custody at the Federal Correctional Center in Lompoc, California ("FCC Lompoc"), and his alleged projected release date was August 17, 2024. See Petition at 1-2. However, according to publicly available records from the Bureau of Prisons ("BOP"), Petitioner was released on February 16, 2024. See Federal Bureau of Prisons, Find an Inmate (search by BOP Register Number 99732-479), https://www.bop.gov/inmateloc/ (last visited March 1, 2024). For the reasons set forth below, Petitioner is ordered to show cause why the Petition should not be dismissed as moot.

"The federal habeas statute gives United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3)). Further, under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters in the absence of a live case or controversy. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). In the context of a habeas petition, the case or controversy requirement mandates a finding of mootness if the petitioner has received the relief requested in the petition or if the habeas court is unable to provide the

---

[1] The Court received Petitioner's payment of the filing fee on February 28, 2024. See Dkt. 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

petitioner with the relief sought. See Burnett v. Lampert, 432 F.3d 996, 999-1001 (9th Cir. 2005); Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997).

Here, Petitioner asserts that the BOP has not applied credits that he earned under the First Step Act, 18 U.S.C. §§ 3631 et seq. ("FSA credits"), toward his release date. See Petition at 2. He asks the Court to "ORDER the BOP to apply the earned credits in accordance with the First Step Act, and to further calculate the release date to reflect the proper application of these earned time credits." Id. at 3. However, as noted above, BOP records suggest that Petitioner's release date was moved up to February 16, 2024. Thus, it appears that Petitioner may have already received some or all of the relief sought in the Petition.[2]

**Petitioner is therefore ORDERED TO SHOW CAUSE within twenty-eight (28) days of the date of this Order why the Petition should not be dismissed as moot.** If Petitioner claims that this case is not moot, he must make clear what relief he seeks that has not already been provided. In lieu of a written response, the Court will construe the filing of either (i) a notice of voluntary dismissal; or (ii) an amended petition as sufficient to discharge this Order.

Further, if Petitioner is no longer in custody at FCC Lompoc, he must also file a notice of change of address. Petitioner's failure to update his address or respond to this Order by the above deadline will result in a recommendation that this case be dismissed.

---

[2] Petitioner fails to make clear in the Petition how many days of FSA credit the BOP allegedly refused to apply toward his release date. See id. at 2. ("Thus far, this petitioner has earned TBD days toward early release, but this credits have not been applied thus far, and is asking this court to ORDER them to be properly applied according to the [FSA]."). As a result, it is unclear whether Petitioner's February 16, 2024, release date reflects the application of some or all FSA credits sought.

However, even if Petitioner were to claim that he did not receive all FSA credits sought and was over-incarcerated, his Petition would nevertheless be moot unless he established that (1) his sentence includes a term of supervised release; and (2) he seeks a reduction of his term of supervised release under 18 U.S.C. § 3583(e)(2), and there is a possibility that the sentencing court might use its discretion to reduce the term of supervised release to compensate for a period of over-incarceration. See Mujahid v. Daniels, 413 F.3d 991, 994-95 (9th Cir. 2005).